UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| JOHN NEROWSKI, | Case No. 1:20-cv-00589 |
| Plaintiff, | Hon. Hala Y. Jarbou |
| v | **Defendant's Motion *in Limine* and Brief in Support to exclude expert testimony regarding Plaintiff's claimed economic damages** |
| ESSENDANT CO., | |
| Defendant. | |

**MOTION**

Defendant moves the Court *in limine* for the entry of an order precluding Plaintiff from eliciting expert testimony regarding his claimed economic damages.  The basis for Defendant's motion is that although Plaintiff identified an economic expert in his expert witness disclosures, he never provided any information regarding that witness's opinions, either in his expert witness disclosures or in his written discovery responses.

**BRIEF**

On August 4, 2020, the parties filed their Joint Status Report (ECF No. 12).  The parties agreed that written expert reports would not be exchanged, as contemplated by Fed.R.Civ.P. 26(a)(2).  However, the parties agreed to "exchange reports of opinions timely."  (ECF No. 12, PageID.71.)

On August 13, 2020, the Court issued its Case Management Order (ECF No. 14).  The Court established deadlines for the parties' disclosure of the identities of the parties' expert witnesses and a short summary of their expected testimony under Fed.R.Civ.P. 26(a)(2)(A). The deadline for Plaintiff to disclose his expert witnesses and to provide a short summary

of each witness's expected testimony was October 12, 2020.  The Court also established a discovery deadline of February 11, 2021.

On October 13, 2020 (October 12, 2020 was a federal holiday), Plaintiff served his Expert Witness Disclosures. (ECF No. 26.)   Plaintiff identified Michael Thomson as his economic expert and as to the "short summary" of Mr. Thomson's expected testimony, Plaintiff stated:

> Mr. Thomson is expected to testify as to the adverse economic affect [sic] the injuries caused by Defendant's negligence had on Plaintiff, specifically including calculations of the wage loss incurred not only from missing work but for retiring early.
> (ECF No. 26, PageID.109)

On October 16, 2020, Defendant served Plaintiff with Interrogatories regarding Plaintiff's expert witnesses (See ECF No. 61-4, filed on November 22, 2021 as Exhibit 3 to Defendant's brief in support of its motion for entry of an order compelling Plaintiff to submit to a neuropsychological examination).  Defendant's Interrogatories asked Plaintiff to provide details regarding the expected testimony of his expert witnesses, including:

(a) the substance of the opinions to which each expert was expected to testify;

(b) details as to any documents and/or tangible thing each expert inspected;

(c) whether each expert had fully completed all investigations, tests, and/or inspections;

(d) whether any of Plaintiff's experts had issued any oral or written report; and

(e) to provide a copy of all reports issued by each expert.

On December 3, 2020, Plaintiff served a second version of his Expert Witness Disclosure (See ECF 61-5, filed on November 22, 2021, as Exhibit 4 to Defendant's motion for an order regarding an IME).  Plaintiff identified four persons he expected to rely upon

for expert testimony, including Mr. Thomson, his economic expert. With respect to Mr. Thomson's expected testimony, Plaintiff stated:

> Information is being gathered concerning the adverse effect of Mr. Nerowski's retiring early as a result of the injuries economically. Once the information is gathered and submitted to Mr. Thomason [sic] and his report is received, it will be shared with defense counsel as soon as practicable, and, further, defense counsel will be given the opportunity to depose said expert if she chooses to do so.
> (See ECF 61-5, PageID.907)

On December 3, 2020, Plaintiff served his responses to Defendant's Interrogatories regarding expert witnesses (See ECF No. 61-6, filed on November 22, 2021, as Exhibit 5 to defendant's motion for an order grading an IME). With respect to Mr. Thomson's expected testimony, Plaintiff provided the same explanation he had provided in his December 3, 2020 Exhibit Witness Disclosure (ECF No. 61-5), that is, that:

> Information is being gathered concerning the adverse effect of Mr. Nerowski's retiring early as a result of the injuries economically. Once the information is gathered and submitted to Mr. Thomason [sic] and his report is received, it will be shared with defense counsel as soon as practicable, and, further, defense counsel will be given the opportunity to depose said expert if she chooses to do so.
> (See ECF 61-6, PageID.911)

Plaintiff has not supplemented his October 13, 2020 Expert Witness Disclosures; his December 3, 2020 Expert Witness Disclosure; or his responses to Defendant's Interrogatories regarding expert witnesses, so as to properly notify Defendant of his intent to rely on Mr. Thomson's testimony and to provide Defendant with a summary of Mr. Thomson's expected testimony.

Under the terms of the Case Management Order (ECF No. 14) and the First Amended Case Management Order (ECF No. 58), discovery closed on February 11, 2021 and trial is scheduled to begin on March 21, 2022. Because Plaintiff has failed to supplement his

disclosures and his interrogatory responses to provide any information to Defendant regarding Mr. Thomson's opinions and the basis for his opinions, Defendant will be unfairly prejudiced if Plaintiff is allowed to elicit expert testimony from Mr. Thomson at trial regarding his claimed economic damages.

Therefore, the Court is respectfully requested to enter an order precluding Plaintiff from eliciting expert testimony at trial regarding his claimed economic damages.

PLUNKETT COONEY

Dated:  November 22, 2021          */s/ Sandra J. Densham*
Sandra J. Densham
Attorneys for Defendant
333 Bridge Street, NW, Suite 530
Grand Rapids, MI  49504
616-752-4600
Direct Dial:  616-752-4627

Open.00590.02753.27586713-1

4